1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

WAYNE HOLLOWAY, aka DWAYNE
HOLLOWAY,

                                        Petitioner,

        vs.

JOHN MARSHALL, Warden,

                                        Respondent.

CASE NO. 06cv0226-LAB (NLS)

**ORDER ADOPTING REPORT
AND RECOMMENDATION TO
DENY PETITION FOR WRIT OF
HABEAS CORPUS**

15      Petitioner Wayne Holloway ("Holloway"), a state prisoner proceeding *pro se* with a 28 U.S.C.

16  § 2254 habeas petition, challenges his conviction for furnishing cocaine base to an undercover police

17  officer as having been obtained in violation of his due process rights.  He also challenges his sentence

18  as having been enhanced by an unconstitutional prior conviction.  Respondent filed a Motion To

19  Dismiss, arguing Holloway failed to exhaust those claims.  By Order entered July 6, 2006, this court

20  adopted the Report and Recommendation ("R&R") from the magistrate judge then assigned to this case

21  that the Motion be denied.  Dkt No. 14.  Respondent thereafter answered the Petition, and Holloway

22  filed a Traverse.  Dkt Nos. 16, 18.  Magistrate Judge Peter C. Lewis has now entered an R&R

23  recommending this court deny Holloway's Petition on the merits.  Dkt No. 21.  Holloway filed

24  Objections to the R&R.  Dkt No. 27.  Respondent filed no Reply.  For the reasons discussed below,

25  the court **ADOPTS** the R&R and **DENIES** Holloway's Petition.

26  **I.      BACKGROUND**

27      Holloway expressly accepts the magistrate judge's description of the prior state and federal

28  proceedings in his case.  Obj. 1:22-23.  He also submits to the magistrate judge's summary of the facts,

1  with the exception of two points, neither of which is material to this result.[1]  The event giving rise to

2  this Petition occurred on a January 2003 evening when police officer Carol Beason ("Beason"),

3  participating under cover during a narcotics buy/bust operation, approached Holloway, smiled, and

4  asked if he knew who was "working" (street slang for who is selling narcotics).  He asked what she

5  was looking for, she told him she "wanted a twenty" (street slang for $20.00 of cocaine base), and he

6  offered to help her in exchange for some of the drugs.  Beason agreed and gave him $20.00.  Holloway

7  made the transaction while observed by a member of a police surveillance unit and was arrested.[2]  He

8  indicated during a subsequent interview he was a drug addict.

9      Holloway asserts two grounds for habeas relief:  (1) "Due Process prohibits drug addicted

10  defendants from criminal conviction under the entrapment doctrine -sales of narcotics" (Pet. 5:2-4);

11  and (2) "State court must strike a prior conviction which was unconstitutional[ly] obtained, otherwise

12  ruling on motion challenge was contrary to, or involved an unreasonable application of, clearly[]

13  establish[ed] federal law, as determined by the Supreme Court of the United States" (Pet. 11:2-6).

14  **II.   DISCUSSION**

15      **A.   Legal Standards**

16      A district judge "may accept, reject, or modify the recommended decision" on a dispositive

17  matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes.

18  Fed.R.Civ.P. ("Rule") 72(b); *see* 28 U.S.C. § 636(b)(1).  The district judge may also "receive further

19  evidence, or recommit the matter to the magistrate judge with instructions."  Id.  The district judge

20  "shall make a *de novo* determination upon the record, or after additional evidence, of any portion of

21  the magistrate judge's disposition to which specific written objection has been made in accordance

22  with this rule."  Rule 72(b); U.S. v. Raddatz, 447 U.S. 667, 676 (1980) (when objections are made,

23

24      [1]  "I hereby submit to the Magistrate version of the facts with exception being (1) Det. Beason offered
Holloway a drug program at CRC during interview (Lodg. 12, 8-10) (2) The information concerning whether

25  Joshua Weiss was prosecuted had been obtained outside of the record."  Obj. 1:25-28.

26      [2]  Holloway's Petition extracts the salient facts of his case:  "(1) Defendant Holloway was walking
across the street and was not breaking the law when he was approached by Det Beason for the purpose of a

27  rock cocaine purchase; (2) Det Beason offered or mutual agreed with Holloway a piece of the rock cocaine or
contraband in exchange for his services or to locate the control substance; (3) the transaction between Joshua

28  Weiss and Holloway was observed by Det D. Davis; in which, Mr. Weiss was profiled as being a local drug
dealer, but was never prosecuted for his action in this matter."  Pet. 9:20-26.

06cv0226

1   the court must make a *de novo* determination of the factual findings to which there are objections).

2   The court also reviews *de novo* the magistrate judge's conclusions of law.  Gates v. Gomez, 60 F.3d

3   525, 530 (9th Cir. 1995)

4          The November 17, 2005 California Court of Appeal Order Denying Petition For Writ of

5   Mandamus construed that filing as Holloway's attempt to obtain relief in the nature of habeas corpus

6   on entrapment grounds, a theory advanced for the first time post-conviction in that petition.  That court

7   found he failed to seek relief on the issue in superior court in the first instance and noted his failure

8   to pursue the issue on direct appeal "generally precludes review by a postconviction, postappeal

9   collateral attack on the judgment," *citing* In re Harris, 5 Cal.4th 813, 829 (1993) (state courts are

10  precluded from reaching the merits of petitioner's claims in a state habeas petition when the claims

11  were not previously raised on direct appeal).  Lodg. 9 at 2.  The R&R reviewed the claim *de novo*

12  rather than applying the review standards of Anti-Terrorism And Effective Death Penalty Act of 1996

13  ("AEDPA") because no reasoned state opinion on the issue exists.[3]

14         **B.     Holloway Is Not In Custody In Violation Of His Federal Rights**

15                  **1.     Drug Addicted Defendant Entrapment**[4]

16         For the entrapment component of Holloway's first ground for relief, he contends that at the time

17  of his arrest he was a "habitual narcotics user" attempting to break the habit, so was not looking to buy

18  drugs that day.  Pet. at 8-9.  He contends Beason approached and lured him into furnishing her with

19  rock cocaine he was to purchase for her, with the promise she would share the rock with him.  He

20  contends due process prohibits drug-addicted defendants such as himself from criminal conviction

21  under the entrapment doctrine.  Pet. p. 5; Pet. 9:26-10:3 ("our constitution under the 5th and 14th

22  Amendment[s] prohibits habitual narcotics users such as Holloway . . . from criminal prosecution on

23  the grounds of entrapment - sales of narcotics").  He argues the state court unreasonably applied

---

[3]   AEDPA provides a federal habeas petition will not be granted with respect to *any claim adjudicated on the merits by the state court* unless that adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

[4]   Holloway's Objections belatedly attempt to introduce a theory of "imperfect entrapment" in case the court finds his entrapment defense does not warrant federal habeas relief.  The court does not reach new theories for affirmative relief raised for the first time in Objections to an R&R.

1   Supreme Court authority in rejecting his entrapment defense.  He relies on <u>Sherman v. U.S.</u>, 356 U.S.

2   369 (1958) (overturning a conviction for illegal narcotics sales due to entrapment through persuasion

3   and inducement), examining the defense recognized in <u>Sorrells v. U.S.</u>, 287 U.S. 435 (1932).

4          "Criminal activity is such that stealth and strategy are necessary weapons in the arsenal of the

5   police officer," but the line is drawn when it is the government official who "implant[s] in the mind

6   of an innocent person the disposition to commit the alleged offense and induce[s] its commission in

7   order that they may prosecute."  <u>Sherman</u>, 356 U.S. at 372, *quoting* <u>Sorrells</u>, 287 U.S. at 442. "To

8   determine whether entrapment has been established, a line must be drawn between the trap for the

9   unwary innocent and the trap for the unwary criminal."  <u>Id.</u> at 373.  The <u>Sherman</u> Court declined to

10  consider as entrapment situations where "government agents merely afford opportunities or facilities

11  for the commission of the offense."  <u>Sherman</u>, 356 U.S. at 372 (citation omitted).  Applying the

12  elements of the entrapment defense, the undisputed facts of his case defeat his theory.

13         Holloway's circumstances, arrest, and conviction are wholly distinguishable from the <u>Sherman</u>

14  case, where an informant:  persistently solicited and repeatedly requested that the defendant perform

15  the illegal act, despite the defendant's manifest reluctance and hesitancy; appealed to sentiments

16  aroused by reminiscences of shared war experiences; and appealed to sympathy based on their mutual

17  experiences with narcotics addiction.  As noted in the R&R, the test in California for entrapment is

18  whether the conduct of the law enforcement agent is likely to induce a normally law-abiding person

19  to commit an offense.  <u>People v. Barraza</u>, 23 Cal.3d 675, 689-90 (1979) (it is acceptable for a police

20  officer simply to offer the opportunity to act unlawfully, but it is unacceptable for the police officer

21  "to pressure the suspect by overbearing conduct such as badgering, cajoling, importuning, or other

22  affirmative acts likely to induce a normally law-abiding person to commit the crime," or to induce such

23  a person "to commit the act because of friendship or sympathy, instead of a desire for personal gain

24  or other typical criminal purpose").

25         The R&R recommends denial of Holloway's Petition on his entrapment theory after tracing the

26  sequence of events leading to Holloway's arrest and conviction.  He was not impermissibly punished

27  for his drug addict status or condition.  Rather, he was punished for the crime of furnishing cocaine.

28  R&R 6:15-24, *citing, inter alia*, <u>Robinson v. California</u>, 370 U.S, 660  (1962) (holding a drug addict

cannot be punished for his status as an addict); Powell v. Texas, 392 U.S. 514, 533 (1968) (an offense is not a status crime if it is based on an underlying act or behavior which society has an interest in preventing, such as public drunkenness). Accordingly, "even if Petitioner's addiction caused him to furnish the cocaine, Petitioner's punishment for the act was not in violation of his constitutional rights."[5] R&R 6:23-24; *see also* R&R 6:15-19, *citing* U.S. v. Cupa-Guillen, 34 F.3d 860, 863 (9th Cir. 1994) (offense of being a deported alien found in the United States after conviction for aggravated felony is not a "status crime" in violation of due process); Budd v. Madigan, 418 F.2d 1032, 1034 (9th Cir. 1969) (public drunkenness conviction is not punishment for being a chronic alcoholic nor for drinking, but rather for performing a forbidden act while intoxicated). Holloway may have been motivated by his drug addiction to procure cocaine for Beason, but the motivation for criminal activity does not define the crime. *See* Powell, 392 U.S. at 533. His crime was furnishing her the drug. .

Applying those principles, the R&R recommends a finding, as the trial court stated in rejecting the defense, "put in context . . . the evidence falls far short of the legal defense of entrapment." R&R 7:10-14, *quoting* Lodg. 14 at 98-99. This court concurs substantial evidence and Holloway's own testimony and arguments amply demonstrate he wanted to help Beason for purposes of obtaining part of the drugs for himself and for an anticipated sexual encounter. Holloway reads the personal gain component of the motivation analysis too narrowly when he argues he neither sought nor obtained "pecuniary" gain. Obj. 4:15-23. In addition, Holloway points to no instance of unacceptable behavior on Beason's part that could reasonably be construed as an exertion of pressure, badgering or cajoling him until his resistance was worn down and he succumbed to that pressure by committing the crime. Beason merely smiled at him, asked if he knew where she could get "a twenty," and offered to share in exchange for the help he readily offered. *See* Obj. 4:5-8, *citing* Lodg. 14 at 95. For the reasons recited in the R&R, this court concludes he is not entitled to habeas relief on his entrapment defense. His objections to the R&R on that claim are **OVERRULED**.

\\

\\

---

[5]   Holloway objects that the magistrate judge incorrectly found procedural default of his entrapment claim in state court. However, the merits of the claim were actually reviewed by this court.

## 2.   Selective Prosecution

Holloway asserts the police knew he bought the drugs for Beason from Joshua Weiss, but they wrongfully "failed to prosecute Joshua Weiss and the trial court conscripts Wayne Holloway as being the facilitator or middleman." Pet. 6:4-6. He contends Weiss, as the principal drug dealer, "was never brought to justice or prosecuted for this narcotic sale," and therefore the "dist[rict] attorney office instead engaged in constitutionally impermissible prosecution discrimination against Wayne Holloway." Pet. 6:9-12. On that basis, he contends "the deterrent effect [to the sales of narcotics] legitimately never occurred" because Weiss was the known supplier but escaped prosecution, rendering his own prosecution disparate and discriminatory treatment.[6] Pet. 6:9-18. "Mr. Holloway did not share the same criminal intent as Weiss but for Det. Beason unlawfully inducing him to participate in exchange for a piece of the rock." Pet. 6:19-21. He volunteers his personal opinion "buy/bust" operations exist "to track down drug dealers (Weiss) and not the person who is used as a goto between the dealer and the buyer such as Holloway." Pet. 6:26-28. The argument fails to take account that his own conduct independently constituted the crime for which he was convicted.

The R&R substantiates that, in most cases, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." R&R 8:14-17, *quoting* U.S. v. Armstrong, 517 U.S. 456, 464 (1996). That discretion is circumscribed by the constitutional limitation that it not be exercised based on "an unjustifiable standard such as race, religion, or other arbitrary classification." Id.; *see also* U.S. v. Wayte, 710 F.2d 1385, 1387 (9th Cir. 1983). To succeed on a selective prosecution claim, the proponent must show by clear evidence the prosecution was based on an impermissible motive and others similarly situated have not been prosecuted. Armstrong, 517 U.S. at 465; Wayte, 710 F.2d at 1387. The R&R found Holloway attempted no such showing of a constitutional rights violation because his bare allegations

---

[6]  Holloway's cited authority does not support of his claim. He fails to even attempt to satisfy the discriminatory showing described by the court in Baluyut v. Superior Court,, 12 Cal.4th 826 (1996) (holding a showing of intent to punish for membership in a group or class is not necessary to establish a violation of an individual's right to equal protection under the Fourteenth Amendment, but rather there must be discrimination, and that discrimination must be intentional and unjustified and thus "invidious" because unrelated to legitimate law enforcement objectives). His other cited authority, California ex rel. Cal. Dept. Toxic Substances Control, 358 F.3d 661 (2004), is wholly inapposite.

are devoid of any evidence the decision not to prosecute Weiss was based on a discriminatory motive to harm Holloway.  R&R 9:1-7.

Holloway's objections reiterate his personal opinion regarding the purpose of "buy/bust" operations.  Obj. 6:16-25.  He has not attempted to show law enforcement conduct in arresting and prosecuting him for his role in a narcotics purchase was "invidious," that is, unrelated to legitimate law enforcement objectives.  His objections to the R&R recommendation habeas relief be denied on the selective prosecution claim are **OVERRULED**.

### 3.   Claim Two Challenge To Prior Conviction Is Barred

Holloway's sentence was enhanced based on a strike prior, a 1993 conviction for residential burglary.  He argues that conviction "was unconstitutionally obtained, or involved an unreasonable application of clearly established federal law." Pet. 11:2-6.  He asserts the state courts erred in not finding his prior conviction to be constitutionally invalid, in not striking it, and in using it to enhance his present sentence.  Pet. pp. 11-17.  The R&R concludes Holloway is barred from arguing the constitutionality of the 1993 conviction as a basis for federal habeas relief in this case.  With the exception of a failure to appoint counsel in violation of the Sixth Amendment, the general rule for 28 U.S.C. § 2254 petition purposes is that a conviction no longer open to remedies of direct or collateral attack may be regarded as conclusively valid.  As quoted in the R&R:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (citation omitted).

Holloway objects that he is permitted to argue the constitutionality of his 1993 conviction here because he "successfully attacked the circumstances of the conviction in a civil court." Pet. 7:4-6.  He represents he filed a malpractice complaint in 1995 challenging the read back of some testimony to the jury in the criminal case while he was absent from the proceedings, and the purported failure to record it, as allegedly "causing" his conviction.  Actually, his papers make clear that County Counsel filed a general demurrer, and the court sustained the demurrer.  He attempts to use the demurrer as

1  purported governmental admissions of all the facts he pled in his civil complaint, which presumably

2  included allegations the prior conviction was unconstitutional.  Obj. pp. 7-8.

3          Holloway's R&R Objections are **OVERRULED**.  The civil action was decided against

4  Holloway, his prior conviction was not affected by that proceeding, and the general rule of conclusive

5  validity of final state convictions controls his circumstances.  For all those reasons, the court rejects

6  and denies Holloway's second ground for relief.

7  **III.    CONCLUSION AND ORDER**

8          For all the foregoing reasons, **IT IS HEREBY ORDERED** all Holloway's Objections to the

9  magistrate judge's Report and Recommendation are **OVERRULED**, the R&R recommendations are

10 **ADOPTED**, and the Petition is **DENIED** in its entirety.  **IT IS FURTHER ORDERED** the Clerk

11 of Court shall terminate this action accordingly.

12         **IT IS SO ORDERED**.

13 DATED:  May 11, 2007

14

15 **HONORABLE LARRY ALAN BURNS**
   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28